City of Chicago, a Municipal Corporation, Plaintiff-
Appellee, v. Harry Zik, et al., Defendants-Appellees.
On Appeal of Sip & Bottle Liquors, Inc., Arthur Book-
man and Eugene Bookman, Petitioners-Appellants.

Gen. No. 50,610.

First District, Fourth Division.

October 29, 1965.

Rehearing denied November 15, 1965.

Siegan & Rubinoff, of Chicago (Harry G. Fins, of counsel), for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Allen Hartman, Assistant Corporation Counsel, of counsel), for appellee, City of Chicago. Sherwin & Sherwin, of Chicago (Theodore R. Sherwin, of counsel), for appellees, Harry Zik, Jennie Zik and William T. Bradley.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Petitioners appeal from a denial of their motion for leave to file an intervening petition.

The facts are not in dispute. Petitioners are lessees of portions of a building located at 3949–57 North Sheridan Road in Chicago, Illinois. On March 24, 1964, an action was commenced against Harry Zik, Jennie Zik and William T. Bradley [1] alleging that they were

[1] Apparently Harry and Jennie Zik are beneficiaries under a land trust and William T. Bradley is an agent of the American National Bank and Trust Company of Chicago, trustee. However, no trust agreement appears in the record.

operating this building in violation of the Building Code. The cause finally came to trial on March 2, 1965, and a fine of $6,500 was levied after a default judgment. On April 6, 1965, the judgment was vacated upon a motion of the aforenamed parties and, upon an uncontested motion of plaintiff to which petitioners were not joined as defendants, an amended complaint was filed and an order of demolition entered. Upon learning of the demolition order petitioners presented a motion and petition for leave to file an intervening petition, which was denied.

 Petitioners' right to intervene in the demolition proceeding is governed by the Civil Practice Act since that act applies to all civil proceedings at law and in equity, except where the procedure is regulated by separate statute (Ill Rev Stats (1963), c 110, § 1). There is no separate statute regulating demolition proceedings. Section 26.1 of the Civil Practice Act, relating to the right of intervention, provides that:

(1) Upon timely application anyone shall be permitted as of right to intervene in an action: . . . (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action; . . . .

The Comments of the Joint Committee to this section state:

Intervention is frequently desirable to allow a person to protect an interest jeopardized by pending litigation to which he is not a party. . . .

Certainly the petitioners did have a direct interest in the outcome of litigation seeking demolition of the subject property since only by its continued existence

447

could petitioners' leasehold interests [2] be safeguarded. Since plaintiff's motion for demolition was uncontested, we cannot perceive how petitioners' rights could have been adequately represented. Their attempt to intervene was timely since petitioners did not have notice or knowledge of the demolition proceeding until it was culminated and their petition was filed within thirty days thereafter. Intervention, though usually allowed only before judgment, will be granted after judgment where it is the only way to protect the rights of the intervenor. County of Cook v. Triangle Sign Co., Inc., 40 Ill App2d 202, 189 NE2d 25, citing 4 Moore, Federal Practice ¶ 24.13, p 99. Under the circumstances of this case petitioners' rights can be adequately protected only by allowing their petition for leave to intervene. Petitioners, having asserted their right to intervene, should have been allowed to do so.

Therefore this cause is reversed and remanded with directions to proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

McCORMICK, P. J. and ENGLISH, J., concur.

---

[2] According to the intervening petition, the lease of Arthur and Eugene Bookman does not expire until May 31, 1969. Since leave to file the intervening petition was denied, no answer to the petition was filed.