2 Ill. App.3d 17 (1971)
276 N.E.2d 113
THE PEOPLE ex rel. JAMES BAYLOR, Director of Insurance, Plaintiff-Appellee,
v.
BELL MUTUAL CASUALTY COMPANY, Defendant,  (ZELMA CHATMAN, Individually, and on behalf of all other policyholders similarly situated, Petitioner for Intervenor-Appellant.)
No. 54400.
Illinois Appellate Court  First District.
October 6, 1971.
*18 Bloch, Birndorf & Silverman, of Chicago, for appellant. Miles N. Beermann, of Chicago, (Birndorf and Beermann, of counsel,) for Petitioner-for-Intervention-Appellant.
Jack Joseph, of Chicago, for Lionel Lindheimer, et al., for themselves and all other claimants of mutual and reciprocal insurers similarly situated. Lord, Bissell & Brook, of Chicago, (R.R. McMahan, of counsel,) for appellee.
Reversed and remanded.
Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:
This is an appeal from an order of the Circuit Court of Cook County denying a policyholder of an insurance company leave to intervene in statutory proceedings for liquidation of the company. The facts may be stated simply. Zelma Chatman is a policyholder of defendant Bell Mutual Casualty Company, an Illinois mutual insurance company, ordered liquidated on the petition of the Director of Insurance of the State of Illinois. Pursuant to a decree of liquidation entered on September 9, 1965, the Director of Insurance was appointed liquidator of the defendant, Bell Mutual. On June 29, 1967, an order was entered authorizing and empowering the liquidator to levy an assessment against the policyholders of Bell Mutual. Thereafter, the liquidator levied an assessment against the policyholders, one of whom is petitioner Zelma Chatman, in the amount of one times the annual premium. On January 19, 1968, an order confirming and spreading the assessment of record was entered. The liquidator then proceeded to take various actions to collect such assessments from the policyholders assessed.
On March 15, 1968, petitioner Zelma Chatman filed her petition for *19 leave to intervene in the liquidation proceeding. The liquidator filed a motion to dismiss the petition, which was granted and leave was denied to petitioner to intervene. The only issue before us is whether petitioner should have been allowed to intervene in the liquidation proceeding as a matter of right.
The starting point in the discussion of petitioner's intervention as a matter of right must be the Civil Practice Act. Ill. Rev. Stat. 1967, ch. 110, par. 26.1 (1) "Intervention" provides:
"Upon timely application anyone shall be permitted as a right to intervene in an action: (a) when a statute confers an unconditional right to intervene; or (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the application will or may be bound by a judgment, decree or order in the action; or (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof."
 1 Under prior law, the right to intervene was severely limited by decisions which required the applicant to have a direct and immediate interest in the subject matter of the litigation. (Bernero v. Bernero (1936), 363 Ill. 328, 2 N.E.2d 317.) There was no intervention as of right in the absence of special statute. The above quoted section 26.1 does away with restrictive concepts of intervention and provides a modern intervention practice for Illinois analogous to that prevailing in Missouri, Pennsylvania, the Federal Rules, and other jurisdictions. The section provides, in the words of our Supreme Court, "that anyone shall be permitted as of right to intervene whenever the representation of his interests by existing parties may be inadequate and he may be bound by any judgment, decree or order entered in the action * * *. This section was designed to liberalize intervention practice, and particularly to relax the requirement that the intervenor have a direct interest in the suit." Mensik v. Smith (1960), 18 Ill.2d 572, 166 N.E.2d 265.
 2 The purpose of the section is to expedite litigation by disposing of the entire controversy among the persons involved in one action and thus prevent a multiplicity of actions. Sell v. Board of Supervisors of Will County (1968), 93 Ill. App.2d 1, 234 N.E.2d 826.
The intervention provisions of section 26.1 have been construed by the Illinois courts in numerous cases. We need only discuss the following. In Wert v. Burke (1964), 47 Ill. App.2d 453, 197 N.E.2d 717, the court held that an insurance company was entitled to intervention as a matter of right in an action brought by its insured against another motorist. The insurance company had issued a policy containing so-called "uninsured motorist coverage" to the plaintiff, its insured. The policy appeared to *20 be a guarantee that if the insured became involved in an automobile accident with the operator of an uninsured automobile, the insurer as guarantor would pay such damages as the insured might be entitled to recover. The court found that the insurance company met the two conditions required for intervention as a matter of right. That is (1) that representation of the applicant's interest is or may be inadequate; and (2) that the applicant is or may be bound by the judgment. In its discussion of the issue, Mr. Justice Schwartz noted at page 457, that "the word `adequate' and its broad usage is indicated by its definition as applicable to the case before us. It is defined as `legally sufficient; such as is lawfully and reasonably sufficient * * * an adequate remedy.' (Webster's New International Dictionary, 2d Ed.) Certainly no reasonable man, confronted with the same situation as that of the petitioning intervenor, would rely on the defendants and their lawyers for the representation of his interest."
Regarding the issue of timeliness of intervention, in City of Chicago v. Zik, (1965), 63 Ill. App.2d 445, 211 N.E.2d 545, the court allowed intervention even after judgment was the only way to protect the rights of the lessee. In Childress v. State Farm Mutual Automobile Insurance Co. (1968), 97 Ill. App.2d 112, 239 N.E.2d 492, permissive intervention was denied since the intervening petitioners had been aware of the proceedings from the time they were instituted and sought to intervene five years after the commencement of the suit.
In the instant case, the order entered on June 29, 1967, levying the assessment against the policyholders of Bell provided in part that the Director of Insurance as liquidator of Bell, "is authorized, directed and empowered to levy an assessment against the members of said Bell, who were members or policyholders during the twelve months period ending July 6, 1965, in the maximum amount named in said policies, being an amount equal to one times the premium named in said policies, and to execute any and all necessary documents in order effectively to consummate the same."
The order entered on January 19, 1968, confirming and spreading the assessment of record provided in part: "It is therefore ordered, adjudged and decreed that the premium assessments levied against the members of policyholders of the Bell Mutual Casualty Company, a Mutual Company, who were members or policyholders of said company at any time during the twelve months ending July 6, 1965, as set forth in the Assessment Roll, presented and filed herein, be and each of said premium assessments is hereby approved, ratified, confirmed and spread of record herein * * *" (and that) the liquidator "is hereby authorized, directed and empowered to take all steps necessary, by suit or otherwise, to enforce *21 collection of said assessments levied against the members or policyholders of the said respondent corporation."
 3 We find these orders constitute a judgment order against the policyholders of Bell. The language "authorizing, directing and empowering" the liquidator "to take all steps necessary" * * * "to enforce collection of the assessments" amounting to one times the premiums named in the policies is final and conclusive as to parties and to amount, and cannot be collaterally attacked by a policyholder in an action by the liquidator to collect the amount of the assessment. According to Ill. Rev. Stat. 1967, ch. 110, par. 26.1(1)(b), petitioner Zelma Chatman, as a policyholder of Bell Mutual, "will or may be bound by judgment, decree or order in the action."
 4 As of the date of the liquidation decree, the liquidator became vested by law with title to all property, contracts and rights of action of the company. (Ill. Rev. Stat. 1967, ch. 73, par. 803.) He is also charged with the duty to preserve, so far as possible, the rights and interests of the policyholders of the company whose contracts were cancelled by the liquidation order. In this case, the liquidator acted to collect assessments against the policyholders of the company whom he is charged with representing in the liquidation proceeding. This is his statutory duty. As liquidator, he is attempting to collect an assessment from the policyholders for the benefit of the creditors. The conflict of interest in the liquidator's role in these proceedings runs as deeply as the divergent interests of the creditors and policyholders. The assessed policyholders were not represented except by the liquidator, and did not have any opportunity to contest the levy of the assessment or the amount thereof. We find that their representation by the liquidator was inadequate in terms of Ill. Rev. Stat. 1967, ch. 110, par. 26.1(1)(b). As Mr. Justice Schwartz stated in Wert v. Burke, supra, "Certainly no reasonable man, confronted with the same situation as that of the petitioning intervenor, would rely on the defendants and their lawyers for the representation of his interest."
 5, 6 Accordingly, we find that petitioner should have been allowed to intervene in the liquidation proceedings as a matter of right. We also find that petitioner's application to intervene on March 15, 1968, filed less than two months after the order confirming and spreading the assessment of record was entered, was made "upon timely application." City of Chicago v. Zik, supra.
 7 We do not believe that this decision impairs the efficacy of Article XIII of the Illinois Insurance Code (Ill. Rev. Stat. ch. 73, par. 799, et seq.), especially par. 819(1) which was repealed by P.A. 76-715, effective August 7, 1969. The Insurance Code which provides for an orderly *22 liquidation procedure does not preclude intervention to expedite litigation by disposing of the entire controversy in one action.
The judgment of the Circuit Court of Cook County is hereby reversed and remanded with directions to allow petitioner to intervene in the proceeding.
Reversed and remanded.
BURMAN and DIERINGER, JJ., concur.