McKinley Avery et al., Plaintiffs-Appellees, v. E. James Garbutt et al., Defendants-Appellees—(Joseph J. Moseley et al., Petitioners-Appellants.)

(No. 59503; ▮▮▮▮▮▮▮▮▮▮▮▮▮

First District (5th Division)—May 17, 1974.

James R. Bronner, of Chicago (Davis, Miner, Barnhill & Bronner, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Edna Selan Epstein, Assistant State's Attorneys, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the denial of a petition to intervene. The original plaintiffs, sergeants in the Cook County Department of Corrections (DOC) and the Fraternal Order of Police (FOP) Lodge No. 20, sought a declaratory judgment that defendants do not have the power to hold examinations for the certification and promotion for all ranks of correctional officers.

After an order was entered temporarily restraining defendants from holding a proposed examination for correctional officer supervisors, plaintiffs filed an amended and supplemental complaint, which impleaded Richard J. Elrod, Sheriff of Cook County, as a party defendant and alleged that numerous officers who had not taken the appropriate promotional examination had, nevertheless, been temporarily certified, appointed and promoted, and were serving as sergeants, lieutenants and

captains in DOC. Concurrent with the filing of this amended complaint, FOP withdrew as a party plaintiff.

Subsequently, on June 19, 1973, a declaratory judgment order was entered, approved by all of the parties then in the case, which provided for merit status, without examination, of those employees temporarily appointed as sergeants, lieutenants and captains who held their respective ranks for one year prior to June 25, 1973. In addition, defendant Merit Board was ordered to thereafter hold separate promotional examinations for those positions open only to those with merit status in the next lower rank. On August 7, 1973, 49 days after the aforesaid declaratory judgment order, petitioners, civil service officers in DOC, sought leave to intervene, asserting that the order of June 19, 1973, had been entered without their knowledge and that it adversely affected their prior promotional rights which were guaranteed by statute and by the rules and regulations of defendant Merit Board. They also sought to have the June 19, 1973, order vacated.

During the hearing on the motion for leave to file the petition to intervene, the trial court requested that petitioners file affidavits indicating whether or not they were members of FOP during the time it was a party plaintiff. Each of the petitioners stated he was a member of FOP at that time; however, only one knew, prior to late July, 1973, of FOP's participation in the lawsuit, and none of them had any notice or knowledge prior to that time that FOP had withdrawn as a party plaintiff.

*OPINION*

The sole contention here is that the trial court erred in denying leave to file the petition to intervene. The record discloses that when it was denied, the trial judge stated he had lost jurisdiction to allow it because it was not presented within thirty days. Defendants argue that petitioners did not show, as required by section 26.1 of chapter 110 (Ill. Rev. Stat. 1971, ch. 110, par. 26.1) that (1) the motion to intervene was timely; and (2) they were bound by the order.

We initially note that, although petitioners were members of FOP, three of them, Moseley, Banks and Parker, in their uncontradicted affidavits, stated they did not have notice or knowledge of FOP's involvement in the action. Their affidavits also state they were not aware until late in July, 1973, that FOP had withdrawn. A fourth petitioner, Smith, in his affidavit, admitted his awareness of FOP's participation in the original action but stated he did not know until late July, 1973, that FOP had withdrawn. The petition to intervene was filed on August 7, 1973, 49 days after the entry of the order.

■■ Defendants cite *City of Lockport v. County Board,* 2 Ill.App.3d 970, 276 N.E.2d 13, *Dowsett v. City of East Moline,* 8 Ill.2d 560, 134 N.E.

2d 793 and *City of Chicago v. Zik,* 63 Ill.App.2d 445, 211 N.E.2d 545, as standing for the rule that "where intervention is permitted after the entry of a final order, the time limit consistently established is that the time for the notice of appeal must not yet have run." We have examined these cases, and we disagree with defendants. In *City of Lockport,* the motion to intervene was made 22 days after a dismissal order. The court held it was timely but did not relate its ruling to the time for the notice of appeal. In *Dowsett,* a motion to intervene was made to vacate a judgment or, in the alternative, to open the judgment, both of which were required to be filed within 30 days under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 68.3.) There was no holding that a motion to intervene was required to be filed within the time for filing a notice of appeal. In *City of Chicago,* although the court referred to the fact that the petition was filed within 30 days after knowledge of a demolition proceeding, it did not hold or state that a petition to intervene must be filed within 30 days after a final order. The court stated, at page 448:

"Their attempt to intervene was timely since petitioners did not have notice or knowledge of the demolition proceeding until it was culminated and their petition was filed within thirty days thereafter. Intervention, though usually allowed only before judgment, will be granted after judgment where it is the only way to protect the rights of the intervenor. [Citations.]"

In this regard, petitioners refer us to *People ex rel. Baylor v. Bell Mutual Casualty Co.,* 2 Ill.App.3d 17, 276 N.E.2d 113, where the final order confirming and spreading an assessment of record was entered on January 19, 1968, the court held a petition to intervene filed March 15, 1968, was timely.

■■ In view thereof, we believe that case law does not support defendant's time to appeal, and we note that there *is no such limitation in* section 26.1.

■■ We therefore are of the opinion that the trial court was in error in refusing leave to file the petition to intervene, because it was not presented within 30 days, and we conclude that it had jurisdiction to consider whether the petition conformed to the requirements of section 26.1.

Defendants also contend that the question of whether a petition to intervene under section 26.1 was timely is within the court's discretion and that there was no showing here of an abuse of discretion. We agree that the question of timely intervention is left to the discretion of the trial court. (*Duncan v. National Tea Co.,* 14 Ill.App.2d 280, 144 N.E.2d 771.) However, there is error when a trial court refuses to exercise discretion in the erroneous belief that it had no discretion as to the question

presented. (*People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan,* 30 Ill.2d 178, 195 N.E.2d 634.) In this regard, it is our opinion that here, when the trial court stated it did not have jurisdiction to consider the intervention, it did not exercise discretion; in effect, it was an erroneous declaration that the court was without discretion.

For the reasons stated, the judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.