(No. 53382

THE BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 101, Appellant, v. CAROLYN PARLOR et al., Appellees.

*Opinion filed April 17, 1981.*

398

James W. Sanders & Associates, of Marion, for appellant.

Drach, Terrell & Deffenbaugh, P.C., of Springfield, for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, the board of education of Community Unit School District No. 101 (Board), obtained a preliminary injunction without notice in the circuit court of Pulaski

County on September 19, 1979. The order enjoined defendants, striking teachers of the Meridian Education Association (MEA or the union), from picketing and ordered them back to work. Defendants' motion to dissolve the preliminary injunction was denied on September 27, and defendants appealed that decision under our Rule 307 (73 Ill. 2d R. 307). The appellate court reversed (81 Ill. App. 3d 667), holding that notice was required under the circumstances of this case. We allowed the Board's petition for leave to appeal.

Negotiations between the Board and MEA broke down to the point where the parties declared an impasse under their negotiation agreement. The teachers agreed to strike against the Board and set up picket lines on September 18. There is some dispute whether the Board's attorney stated he would contact MEA's attorney if the Board decided to seek an injunction, but it is undisputed that the Board's attorney knew MEA's attorney and the president of MEA. In seeking the injunction the Board did not give notice to MEA, its president or attorney, or to any member of MEA.

The Board's complaint for injunctive relief was accompanied by affidavits from the superintendent of Community Unit School District No. 101, the secretary of the Board, the president of the Board, and a contractor performing work on one of the Board schools, all of which alleged that there was irreparable loss and injury being suffered as a result of the strike by MEA. There was no allegation that giving notice of the Board's intent to seek an injunction would aggravate, increase or in any way affect the injury alleged.

Evidence on MEA's motion to dissolve the injunction was heard on the issue of whether the Board's attorney agreed to notify MEA's attorney and whether the Board's attorney knew who represented MEA. The circuit court denied the motion, finding that the Board's verified com-

plaint and accompanying affidavits were sufficient to warrant the issuance of a preliminary injunction without notice under the relevant statutory provisions (Ill. Rev. Stat. 1979, ch. 69, par. 3). They are as follows:

"No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse party unless it clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon." (Ill. Rev. Stat. 1979, ch. 69, par. 3.)

Section 3—1 of the Injunction Act uses similar language where a temporary restraining order is sought without notice. Ill. Rev. Stat. 1979, ch. 69, par. 3—1.

The sole issue before us is whether, in the factual context presented here, the allegations of immediate and irreparable injury contained in the petition were sufficient under the statute to dispense with all notice of the intended application for the injunction.

The Board has argued that, because teacher strikes are illegal (*Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, *cert. denied* (1971), 403 U.S. 904, 29 L. Ed. 2d 679, 91 S. Ct. 2203; *Board of Education v. Redding* (1965), 32 Ill. 2d 567), no notice is required prior to seeking to enjoin that illegal act, since notice would serve no useful purpose. Defendants' answer is that, since the Board did not intend to seek an injunction until the following day, a telephone call could easily have been made to MEA's attorney without delaying the application. MEA also urges that it would then have been possible for it to suggest that the judge use his "good offices" to arbitrate the dispute, thus perhaps avoiding the injunction and resulting animosity and ill will. Or, MEA suggests, if it were determined that the injunction should issue, it should have the right to suggest conditions for the court's consideration. The fact that the

teachers' union was then engaged in an unlawful strike does not, of course, enhance its position. Nevertheless, the fact is that the clear language of the statute does not support the Board's contention. The statutory language explicitly requires notice unless some immediate and irreparable injury, loss or damage will result before notice can be served and a hearing had. (*Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1976), 63 Ill. 2d 514, 523.) The Board made no allegation that in the time it would take to notify MEA's attorney that the Board was seeking an injunction there would be greater immediate and irreparable injury than without notice.

It is axiomatic that an injunction is an extraordinary remedy requiring urgent and extreme circumstances before it may be issued without notice. In other circumstances where the identity and location of defendants and their counsel may not be known as it was here, the allegations of plaintiff's complaint might be considered sufficient to dispense with notice prior to applying for the injunction. Certainly the circumstances here are sufficient to make unnecessary prior notice to every teacher involved in the dispute. But where counsel for the union and the Board are well known to each other and have, in fact, discussed the very dispute in issue, we believe that at least the requested telephone call should have been made. There is some indication from the record that the practice of attorneys dealing with injunctions in labor disputes is to accept a telephone call as notice when the opposing party intends to seek an injunction. While this informal notice is not to be viewed as a satisfactory replacement for formal notice, it is at least better than no notice at all, and does give opposing counsel the opportunity to appear when the petition is presented to the court. See *Carroll v. President & Commissioners of Princess Anne* (1968), 393 U.S. 175, 21 L. Ed. 2d 325, 89 S. Ct. 347; *Bettendorf-Stanford Bakery Equipment Co. v. UAW Local No. 1906* (1977),

49 Ill. App. 3d 20; *Sangamo Electric Co. v. UAW* (1976), 42 Ill. App. 3d 563; *Board of Trustees v. Cook County College Teachers Union Local 1600* (1976), 42 Ill. App. 3d 1056; *Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill. App. 271.

In *Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, *cert. denied* (1971), 403 U.S. 904, 29 L. Ed. 2d 679, 91 S. Ct. 2203, relied upon by plaintiff, an injunction was issued against striking teachers without notice. In that case the defendants defied the court order without seeking to dissolve the injunction as erroneous. The only issue before the court was whether the defendants disobeyed an order of the court and could be held in contempt, and we do not regard that decision as dispositive of the issue here. We emphasize, however, that this opinion should not be regarded as a holding that some form of notice is always required prior to issuance of a preliminary injunction. That question is ordinarily a decision for the trial judge based upon the facts before him. We hold only that in the circumstances of this case, where counsel had discussed the case and knew each other well, a telephone call had been requested before an injunction was sought, no application was planned until the following day, and no showing was made that the giving of notice would aggravate the alleged injury, at least notice by telephone should have been given to opposing counsel. Whether an evidentiary hearing would thereafter be held, together with its nature and extent, would be a matter for the determination of the trial judge.

We accordingly affirm the judgment of the appellate court which reversed the order of the circuit court granting injunctive relief without notice.

*Judgment affirmed.*

MR. JUSTICE MORAN, specially concurring:

There is but one issue in this case: Did the Board's

petition contain sufficient allegations of immediate and irreparable injury, as required by statute, to alleviate the need of notice prior to the issuance of a preliminary injunction?

The court answered this question early in its opinion by stating:

> "The Board made no allegation that in the time it would take to notify MEA's attorney that the Board was seeking an injunction there would be greater immediate and irreparable injury than without notice." 85 Ill. 2d at 401.

By continuing, the court has obfuscated the law as it relates to the type of notice, if any, required prior to the issuance of a preliminary injunction.

To hold, even under the circumstances of this case, that a telephone call in lieu of formal notice was required leads to a dangerous precedent with attending difficulties. Will a telephone call cure an insufficient complaint, as in the instant case? How is verification of such notice to be accomplished? This case is an example where an unresolved question remains: Did the attorneys agree to substitute notice via a telephone call? These and other collateral issues will arise to plague the expeditious processing of like cases.