BURTON LANSKI, Plaintiff, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Defendants (The City of Chicago, Plaintiff-Appellee, *v.* Andrew Vaccaro *et al.*, Defendants; Walter Moton *et al.*, Defendants-Appellants).

First District (1st Division)    No. 83—1402

Opinion filed March 19, 1984.—Rehearing denied April 23, 1984.

Legal Assistance Foundation, of Chicago (Helen Cropper and William A. Kolen, of counsel), for appellants.

James D. Montgomery, Acting Corporation Counsel, of Chicago (Jerome A. Siegan, Philip L. Bronstein, and Jennifer A. Keller, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Tajuana Kyle and Walter Moton (tenants) filed a special appearance in the circuit court seeking to quash a court order previously referred to as a "Writ of Assistance" (see Ill. Rev. Stat. 1983, ch. 110, par. 2—1501) and to stay the proceedings. The trial court denied the tenants' request. The tenants appeal.

On September 18, 1981, the city of Chicago filed a complaint alleging numerous building code violations in a 12-story residential building with 118 dwelling units. The trial court heard testimony from building inspectors to the effect that the premises were not in compliance with the building code and some of these violations made the structure unsafe. The trial court appointed a receiver to supervise renovation of the premises.

On April 8, 1983, the trial court advised the parties it was informed by the receiver that the premises were in a dangerous condition. The trial court entered an order requiring the premises to be "immediately vacated and boarded up."

On May 17, 1983, the trial court entered an order directing the sheriff to remove all occupants from the premises. The tenants, as well as other residents of the premises, were named in the order. The tenants occupied the premises by virtue of month-to-month oral leases.

On June 9, 1983, all occupants of the building were served with the vacation order and with a letter from the sheriff informing them they would be forcibly removed from the premises on June 10, 1983. On June 10, 1983, the tenants filed a special and limited appearance in the trial court for the sole purpose of contesting personal jurisdic-

tion of the trial court over them. The tenants also moved to quash the order for vacation of the premises and to stay further proceedings.

The tenants argue the issuance of the order to vacate the premises was improper because the tenants were necessary parties to the controversy and because the order deprived them of their property interest without due process of law.

The trial court issued its order to vacate under authority of the Illinois Municipal Code which provides in pertinent part (Ill. Rev. Stat. 1983, ch. 24, par. 11—13—15):

> "In case any building *** is *** maintained *** in violation of an ordinance *** the proper local authorities of the municipality *** may institute any appropriate action or proceeding *** to prevent the occupancy of the building ***. ***
>
> In any action or proceeding for a purpose mentioned in this section, the court with jurisdiction of such action or proceeding has the power and in its discretion may issue a restraining order, or a preliminary injunction, as well as a permanent injunction, upon such terms and under such conditions as will do justice and enforce the purposes set forth above."

■ We believe this statutory enactment constitutes a valid grant to the municipality of the police power of the State. The purpose of the statute is the safety of the occupants of buildings found to be in violation of applicable building codes. The means of preventing occupancy of the premises are reasonably related to that purpose. (See *Phillips v. Graham* (1981), 86 Ill. 2d 274, 286-87, 427 N.E.2d 550 and cases there cited; *Village of Oak Lawn v. Marcowitz* (1981), 86 Ill. 2d 406, 412, 427 N.E.2d 36; also *City of Carbondale v. Brewster* (1979), 78 Ill. 2d 111, 115, 398 N.E.2d 829, *appeal dismissed* (1980), 446 U.S. 931, 64 L. Ed. 2d 783, 100 S. Ct. 2145; *Palangio v. City of Chicago* (1962), 23 Ill. 2d 570, 179 N.E.2d 663.) In *Brewster* the court held:

> "[W]hen police power regulations are reasonable and adapted to the objects sought to be accomplished, they are not unconstitutional even though private property may be injured, interfered with, or damaged without the payment of compensation." *City of Carbondale v. Brewster* (1979), 78 Ill. 2d 111, 116.

Furthermore, the statute quoted above delegates to the courts broad discretion in fashioning relief by preventing occupancy. The statute grants the court authority to issue any form of injunction "upon such terms and under such conditions as will do justice and enforce the purposes set forth above." Ill. Rev. Stat. 1983, ch. 24, par. 11—13—15.

In our opinion, the grant of judicial authority under the police

power is sufficiently broad to allow the trial court to issue the order to vacate even though the tenants were not served with process. Under urgent and extreme circumstances, a court may issue an injunction even if the restrained party has not received notice of the proceeding. *Board of Education v. Parlor* (1981), 85 Ill. 2d 397, 401, 424 N.E.2d 1152.

In the case at bar, the trial court made the judicial determination that the subject premises were uninhabitable and in a dangerous condition. We can hardly imagine more "urgent and extreme circumstance" than one in which a court determines that a large number of people are residing in a dangerous building. Under these circumstances, the trial court was vested with sufficient authority under the police power to order the immediate vacation of the premises.

■ The tenants contend they are necessary parties to the proceedings. In *Consolidated Cable Utilities, Inc. v. City of Aurora* (1982), 108 Ill. App. 3d 1035, 1039, 439 N.E.2d 1272, quoting *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 623, 387 N.E.2d 946, *appeal denied* (1979), 79 Ill. 2d 612, the court held:

> " 'A necessary party is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence [citations]; (2) to reach a decision which will protect the interests of those who are before the court [citations]; or (3) to enable the court to make a complete determination of the controversy [citation].' "

The tenants thus were not necessary parties as they contend although they may have been proper parties if they had sought to intervene. (See *University Square, Ltd. v. City of Chicago* (1979), 73 Ill. App. 3d 872, 392 N.E.2d 136.) Compare *City of Chicago v. Zik* (1965), 63 Ill. App. 2d 445, 211 N.E.2d 545, cited by the tenants, which involved the right of intervention in a demolition proceeding.

The tenants rely on three cases: *Chef's No. 4, Inc. v. City of Chicago* (1983), 117 Ill. App. 3d 410, 453 N.E.2d 892, *In re Estate of Hecht* (1978), 63 Ill. App. 3d 539, 379 N.E.2d 1322, and *City of Chicago v. Zik* (1965), 63 Ill. App. 2d 445, 211 N.E.2d 545. We find these cases distinguishable from the case at bar.

*Chef's No. 4* involved a condemnation proceeding. *In re Hecht* involved an ordinary action for possession of residential property. No issue pertaining to exercise of the police power appears in these cases. As shown above, *Zik* is concerned with the right of intervention in a demolition proceeding.

During oral argument, this court was informed the tenants no longer reside upon the subject premises. Therefore, this case may be moot. (See *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 527, 430 N.E.2d 139.) However, the parties did not raise the issue of mootness; and, in the interest of resolving the legal issues presented by the case, we have decided the case on its merits. See *Village of Palatine v. La Salle National Bank* (1983), 112 Ill. App. 3d 885, 891-92, 445 N.E.2d 1277.

The judgment appealed from is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and McGLOON, J., concur.