STEVEN L. BASHWINER, Petitioner-Appellee, *v.* ARDEN J. BASHWINER, Respondent-Appellant.

First District (5th Division)   Nos. 83—1726, 83—1727 cons.

Opinion filed June 29, 1984.

Alvin R. Becker, of Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago, for appellant.

Robert J. Rubin, of Friedman & Koven, of Chicago, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Respondent appeals from the denial of her motion to dissolve a temporary restraining order and from a preliminary injunction entered in dissolution of marriage post-judgment proceedings. Two issues are raised: (1) whether entry of the temporary restraining order was proper; and (2) whether the court erred in issuing the preliminary injunction. We reverse.

This case originated as an action for dissolution of marriage between Steven (petitioner) and Arden (respondent) Bashwiner. On July 24, 1980, the circuit court of Cook County entered a judgment for dissolution of marriage which incorporated a settlement agreement previously entered into by the parties. The settlement agreement set forth both respondent's custodial status and petitioner's visitation rights as to the minor children. On March 12, 1981, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), now codified as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), the court vacated the settlement agreement portions of the judgment for dissolution. This court subsequently reversed the order granting the section 72 petition and reinstated the original judgment. *In re Marriage of Bashwiner* (1982), 107 Ill. App. 3d 772, 438 N.E.2d 490.

On June 2, 1983, respondent filed a petition in the circuit court of Lake County, where both parties and the minor children then resided, seeking leave to remove the parties' minor children from Illinois in order to establish their permanent residence in Washington, D. C. On June 7, without notice to respondent, petitioner filed a verified motion in the Cook County court seeking a temporary restraining order and a preliminary injunction. On that date the court issued a temporary restraining order which prohibited respondent from further proceeding in the circuit court in Lake County or in any other court and ordered a hearing on the preliminary injunction to be held on June 17.

On June 17, 1983, respondent moved to dissolve the temporary restraining order and to dismiss petitioner's motion for injunctive relief. The court denied the motion to dissolve and ordered an evidentiary hearing on the motion to dismiss. The court subsequently granted the preliminary injunction and ordered that it would remain in effect pending further order of the court. Respondent appeals.

OPINION

■ The first issue raised is whether the court erred in granting

the temporary restraining order without notice. Respondent contends that the allegations of irreparable injury contained in petitioner's motion failed to conform to the statutory requirements[1] and that the temporary restraining order entered without notice to her should, therefore, be reversed.

The instant temporary restraining order was granted upon petitioner's motion for preliminary injunction filed pursuant to section 501 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 101 *et seq.*) (IMDMA) which, in pertinent part, provides that "[t]he court may issue a temporary restraining order without requiring notice to the other party only if it finds, on the basis of the moving affidavit or other evidence, that irreparable injury will result to the moving party if no order is issued until the time for responding has elapsed." (Ill. Rev. Stat. 1981, ch. 40, par. 501(b).) The time for responding is 21 days or such other period as is specified in the order. Ill. Rev. Stat. 1981, ch. 40, par. 501(c).

A temporary restraining order is an emergency remedy of brief duration which may issue only in extraordinary circumstances. (*Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484.) The granting of such relief without notice is considered most drastic and is appropriate only under the most extreme and urgent circumstances. (*Board of Education v. Parlor* (1981), 85 Ill. 2d 397, 424 N.E.2d 1152; *Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill. App. 271, 275, 98 N.E.2d 858.) Accordingly, issuance of injunctions without notice has been allowed only in narrowly restricted situations such as where the facts of the case or the history of the parties indicated that the giving of notice would result in harm by accelerating the very act sought to be enjoined or where the act to be enjoined either was taking place or would be undertaken or completed in the time required for notice. (*Streamwood Home Builders, Inc. v. Brolin* (1960), 25 Ill. App. 2d 39, 43, 165 N.E.2d 531.) Thus, in reviewing the issuance of a temporary restraining order without notice the critical inquiry is whether, in the minutes or hours necessary to procure defendant's appearance, defendant could and would take such action as to obstruct seri-

---

[1]Respondent contends that petitioner's motion failed to conform to the requirements of section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 11—101) but the motion was filed pursuant to section 501 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 101 *et seq.*) The requirements for the issuance of temporary restraining orders without notice are, however, substantially the same under both sections. See Ill. Ann. Stat., ch. 40, par. 501, Historical and Practice Notes, at 377 (Smith-Hurd 1980).

ously the court from dealing justly and effectively with the issues in dispute. *Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill. App. 271, 275-76, 98 N.E.2d 858.

The verified petition in the instant case contains allegations that unless the injunction was granted petitioner would suffer immediate and irreparable harm due to the possibility that the Lake County court would permit removal of the Bashwiner children from Illinois in violation of the prior Cook County court order prohibiting such removal and that the mental and physical health of the minor children would be irreparably harmed unless the threat of removal from their schools, their environment and their father was promptly eliminated. Initially, we note that the petition contains no factual basis for these allegations. They are, therefore, mere conclusions and are insufficient grounds for issuance of a temporary restraining order. Further, even if we overlook the conclusional nature of petitioner's allegations and lack of factual basis therefor, a review of the petition reveals that the harm or injury alleged therein is not the type of harm the prevention of which is properly achieved by issuance of an injunction without notice. Petitioner does not allege, nor does the record indicate, that the injunction is sought to preserve the subject matter of the controversy from destruction until the court is afforded an opportunity to rule. (*See Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill. App. 271, 98 N.E.2d 858.) Nor is there any indication in the record that the giving of notice would accelerate the act sought to be enjoined or that during the time required for giving notice petitioner's rights would be prejudiced. See *Board of Education v. Parlor*, (1981), 85 Ill. 2d 397, 424 N.E.2d 1152.

On Thursday, June 2, 1983, respondent filed in Lake County her petition and a notice of motion that on Friday, June 10, she would appear and move the court to set a date for hearing on the petition. Petitioner filed his motion seeking a temporary restraining order and a preliminary injunction three business days later, on Tuesday, June 7, three days before respondent was to appear in Lake County. On these facts, where a period of several days elapsed between respondent's Lake County petition and petitioner's motion for injunction and between such motion and the date upon which the Lake County court would set a hearing date, and where petitioner's attorney was apparently readily accessible, we find that it was error to issue the injunction without notice. *Cf. Streamwood Home Builders, Inc. v. Brolin* (1960), 25 Ill. App. 2d 39, 165 N.E.2d 531.

Petitioner also asserts that in considering the sufficiency of his allegations of irreparable injury this court should include his attorney's representation to the trial court that no notice was given prior to seek-

ing the temporary restraining order because he feared that respondent would, if given notice, seek to enjoin petitioner from proceeding in Cook County. Although the trial court may base its finding of irreparable injury upon "the moving affidavit or other evidence" we do not believe that such allegations or other unsworn testimony constitute "evidence." Moreover, nothing in the record or in the history of the parties supports such allegation. Respondent has never in the past tried to proceed against petitioner without giving notice and, in the matter here at issue, provided him ample notice of her intent to proceed in Lake County. Furthermore, even if we were to accept the attorney's representation to the trial court as evidence, the allegation of irreparable injury is still insufficient to dispense with the notice requirement for the reasons stated above. There is no evidence here of an emergency situation wherein the rights of one party would be prejudiced in the time required to give notice. We find, therefore that the court erred in issuing the temporary restraining order without notice.

■ The second issue raised is whether the court erred in granting the preliminary injunction. In support of her contention that petitioner's motion for preliminary injunction should have been dismissed or denied, respondent argues generally that petitioner failed to plead and prove all of the prerequisites for injunctive relief. See generally *Betts v. Department of Revenue* (1979), 78 Ill. App. 3d 102, 396 N.E.2d 1150; *McCormick v. Empire Accounts Service, Inc.* (1977), 49 Ill. App. 3d 415, 417, 364 N.E.2d 420.

Petitioner's arguments, however, center upon his contention that the circuit court of Cook County properly issued the instant injunction to protect its own jurisdiction. (See, *e.g., In re Marriage of Alder* (1981), 98 Ill. App. 3d 525, 424 N.E.2d 763.) He asserts that the Cook County court has exclusive jurisdiction to modify its prior custody determination or, alternatively, that even assuming concurrent jurisdiction in the Lake County court, the Cook County court retains jurisdiction under the priority principle.

Petitioner first argues that the Cook County court has continuing and exclusive jurisdiction over all post-judgment proceedings relative to custody of the Bashwiner children. In the instant case respondent's petition for removal of the minor children from Illinois seeks to modify the custody provisions of the judgment for dissolution and settlement agreement incorporated therein. Venue for such modification is governed by section 512 of the IMDMA which provides, in pertinent part, that modification proceedings will take place as follows: "If neither party then resides in the judicial circuit wherein the judgment was entered or last modified, further proceedings shall be had in that circuit

or in the judicial circuit wherein either party resides or where the respondent is actively employed; provided, however, that the court may, in its discretion, transfer matters involving a change in child custody to the judicial circuit where the minor or dependent child resides." (Ill. Rev. Stat. 1981, ch. 40, par. 512(c).) Petitioner notes that section 512 is a venue statute and states that to determine jurisdiction reference must be made to section 601 of the IMDMA. Section 601 expressly incorporates the jurisdictional provisions contained in section 4 of the Uniform Child Custody Jurisdiction Act (UCCJA).(Ill. Rev. Stat. 1981, ch. 40, par. 2101 *et seq.*) which provides, in pertinent part, that the circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if this State is the home State of the child at the time of commencement of the proceedings. (Ill. Rev. Stat. 1983, ch. 40, par. 2104(a).) Paragraph (b) of that section states: 'A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois." (Ill. Rev. Stat. 1983, ch. 40, par. 2104(b).) Petitioner asserts that these sections establish exclusive jurisdiction in the circuit court of Cook County. We disagree.

When read in the context of the remaining portions of section 4 of the UCCJA, it is clear that paragraph (b) is intended to determine jurisdiction as between this State and another State, not among the circuit courts of this State. Further, it would be inconsistent to construe the statute governing jurisdiction as vesting exclusive jurisdiction in the circuit court first acquiring jurisdiction where the venue statute plainly provides that actions for modification may be brought in various other circuits.

Petitioner also relies upon *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028, for the proposition that the circuit court which rendered the original custody decree has continuing and exclusive jurisdiction over the subject of custody. *Sommer*, however, was decided under the former divorce act, which contained no provisions similar to section 512 of the IMDMA. In view of the plain meaning of section 512, on the facts here presented, we do not believe that *Sommer* mandates the outcome urged by petitioner. See Ill. Ann. Stat., ch. 40, par. 512, Historical and Practice Notes, at 786 (Smith-Hurd 1980).

■ Petitioner argues, alternatively, that the circuit courts of Cook County and Lake County have concurrent jurisdiction, and he contends, therefore, that the Cook County court retained jurisdiction under the priority principle and that the court properly issued the injunction to protect its jurisdiction.

On August 30, 1982, petitioner had filed in Cook County an "Emergency Verified Petition for Interim Custody" in which he requested temporary and permanent custody of the minor children. On the same day the court ordered that the petition and all motions be entered and continued generally. The court has otherwise not disposed of this petition and it, therefore, remains pending. Moreover, we agree that the Lake County and the Cook County courts have concurrent jurisdiction as to the instant matter. Generally, courts have the power to enjoin the prosecution of a suit in the same court. See, *e.g., Bowman v. Lake County Public Building Com.* (1964), 31 Ill. 2d 575, 203 N.E.2d 129, *cert. denied* (1965), 382 U.S. 13, 15 L. Ed. 2d 9, 86 S. Ct. 44.

> "Instances in which a court of equity will enjoin the prosecution of commencement of a suit in the same court are rare, for usually there is no reason why that relief cannot be secured in the pending suit. ***
>
> While an equity court has the power to restrain the prosecution of a suit in another court having co-ordinate powers, a due regard for the rights of co-ordinate tribunals, and a proper respect for their proceedings and records and for the security of persons interested therein, demand that its restraining power should not be exercised against the institution or prosecution of judicial proceedings in courts of co-ordinate jurisdiction, where there are no special circumstances presenting a ground or grounds for equitable relief, and where the purposes of justice do not require that the bringing of such other suits be restrained. This rule has its foundation not merely in comity, but on necessity; for if one may enjoin, the other may retort by injunction, and thus the parties be without remedy, since they are liable to a process for contempt in one if they dare to proceed in the other." 42 Am. Jur. 2d *Injunctions* sec. 203 (1969).

Applying these principles to the instant case, we are led to the conclusion that under the facts and circumstances here presented the issuance of the injunction was improper, as petitioner had an adequate and more appropriate remedy. Rather than seeking injunctive relief in Cook County, petitioner could have invoked the available legal remedy by filing in Lake County a motion to dismiss pursuant to section 2—619(a)(3) of the Code of Civil Procedure, which provides that a defendant may file a motion for dismissal based upon the fact that "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1981, ch. 110, par 2—619(a)(3).) Since petitioner had a legal remedy, there were no special circumstances presenting grounds for equitable relief.

The orderly administration of justice does not permit one court of this State to ignore an action pending in another court of this State (*People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806), and such action can only serve to diminish respect for and public confidence in our judiciary (*People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442, 445, 298 N.E.2d 177). Similarly, we believe that the same concern should prompt the exercise of extreme restraint regarding the issuance of injunctions prohibiting a party from seeking relief in a court of concurrent jurisdiction in the same State. Such injunctions should be issued only where no other remedy is available. We find, therefore, that the trial court erred in issuing the preliminary injunction.

■ Petitioner argues that events subsequent to the issuance of the instant injunctions have rendered this appeal moot. He states, and respondent admits, that she and the minor children are now residing in Sangamon County, Illinois. Petitioner maintains that because the circumstance which prompted the filing of the Lake County petition—petitioner's plan to move with the children to Washington, D.C.—no longer exists, there is no existing case or controversy between the parties and the appeal must therefore be dismissed as moot.

Petitioner correctly states that where no actual controversy exists, where the issues have ceased to exist or where no actual rights or interests of the parties remain, the matter is considered moot and the courts should not address the issues raised. (*First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 456 N.E.2d 7.) The facts here presented, however, indicate that the petition for removal is still pending in Lake County and that therefore there still exists an actual controversy between the parties. Accordingly, the issues presented herein are not moot.

For all of the foregoing reasons, we reverse the orders of the trial court.

Reversed.

SULLIVAN and LORENZ*, JJ., concur.

---

*Justice Wilson, who participated at oral arguments, has since died. Justice Lorenz has reviewed the briefs, record and the tape of the oral arguments.