*In re* MARRIAGE OF STEVEN L. BASHWINER, Petitioner-Appellee, and ARDEN J. BASHWINER, Respondent-Appellant.

First District (5th Division)  Nos. 85—0401, 85—3054 cons.

Opinion filed May 8, 1987.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Miles N. Beermann, Alvin R. Becker, and Howard A. London, of counsel), for appellant.

Altheimer & Gray, of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:
This is a consolidated appeal from a post-judgment award of attorney fees in a dissolution of marriage proceeding between Steven Bashwiner, petitioner, and Arden Bashwiner, respondent. In case number 85—3054, petitioner contends that the trial court improperly ordered him to pay respondent's attorney fees because there was no showing that the services rendered to respondent by her attorney were reasonable and that attorney fees may not be awarded for services rendered by an attorney in opposition to a motion for preliminary injunction. In case number 85—0401 respondent asserts that the trial court erroneously dismissed her petition for attorney fees incurred by respondent in opposing petitioner's motion to vacate the dissolution judgment.

According to the record, on July 24, 1980, a judgment for dissolution of marriage was granted to the parties which incorporated a settlement agreement that granted custody of the minor children to respondent and visitation to petitioner. On March 18, 1981, respondent filed a petition to remove the children to Washington, D.C., where respondent planned to live after she married her fiance, who worked there. Petitioner filed a response which alleged that respondent's desired move would not be in the best interest of the children. Petitioner also filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), now codified as section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), to vacate the dissolution of marriage judgment in which he contended that respondent had fraudulently concealed her plans to marry and to

remove the children from Illinois and that the dissolution judgment was void *ab initio*. Petitioner also sought custody of the children.

In her response to the petition for vacature, respondent denied that she had procured the dissolution judgment by fraud and requested that the vacature petition be dismissed and that she be awarded attorney fees for the costs incurred by her in opposing the vacature petition. After an evidentiary hearing on March 31, 1981, the trial court entered an order which found that the settlement agreement, included in the dissolution of marriage judgment, had been procured by fraud and that the provisions involving custody of the children, maintenance, support and the disposition of marital property were void and vacated those portions of the judgment.

In an appeal from that judgment by respondent we held that the trial court's order finding that respondent had committed fraud was against the manifest weight of the evidence and reversed the judgment of vacature. *In re Marriage of Bashwiner* (1982), 107 Ill. App. 3d 772, 438 N.E.2d 490.

However, while respondent's appeal and her motion for removal were pending, on May 23, 1981, the trial court entered an order which stated that the parties had stipulated in open court that respondent's instant motion to remove the children to Washington, D.C., would be the "final removal" motion tried in this case and denied the motion.

Litigation continued on matters including petitions for rule to show cause, possession of the marital residence, custody of the children, support, and maintenance. Additionally, on April 12, 1983, respondent filed a petition for attorney fees for representing her in opposing petitioner's section 72 petition to vacate the dissolution of marriage judgment based on respondent's alleged fraud, for prosecution of her appeal, and in her petition for removal of the children to Washington, D.C.

On June 2, 1983, respondent filed a petition to establish the Cook County circuit court dissolution of marriage judgment in the circuit court of Lake County, and on the following day respondent filed in the circuit court of Lake County a petition to remove the children from Illinois and for other relief. In the removal petition, respondent alleged that she and the minor children resided in Lake County, that the circuit court of Cook County had denied a prior petition for removal, that her new husband worked in Washington, D.C., and had been unable to obtain employment in Illinois, that petitioner's right to reasonable visitation with the children would not be obstructed, that the removal statute was unconstitutional, and that her move with the children to Washington, D.C., would be in the best interest of the children.

After receiving notice of respondent's action in the circuit court of Lake County, on June 7, 1983, petitioner filed a motion for preliminary injunction in the circuit court of Cook County to enjoin respondent from proceeding on her removal petition in the circuit court of Lake County. In an *ex parte* proceeding and without notice to the respondent, the circuit court of Cook County entered a 10-day temporary restraining order enjoining respondent from proceeding on her removal petition in the circuit court of Lake County. Respondent, on June 15, 1983, filed a motion to dissolve the temporary restraining order and to dismiss petitioner's motion for preliminary injunction. Nine days later, the circuit court of Cook County denied respondent's motion to dissolve the temporary restraining order. Fourteen days later, the circuit court of Cook County found that petitioner would be irreparably harmed if respondent were permitted to proceed in the circuit court of Lake County on her petition to remove the minor children to Washington, D.C., and that petitioner had a substantial likelihood of success on the merits of his action for permanent injunctive relief and again denied respondent's motion to dissolve the preliminary injunction.

In an interlocutory appeal filed by respondent we reversed the orders of the circuit court of Cook County and held that the temporary restraining order had been entered improperly in that the respondent had not been given notice and that the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1985, ch. 40, pars. 2104 (a), (b)) could not be construed as vesting exclusive jurisdiction in the circuit court first acquiring jurisdiction, contrary to venue statute provisions that modification proceedings may be brought in the various other circuits. We also determined that petitioner should have filed a motion for dismissal of respondent's petition for removal and not an action for preliminary injunction. *Bashwiner v. Bashwiner* (1984), 126 Ill. App. 3d 365, 466 N.E.2d 1161.

On August 21, 1984, respondent filed a petition for attorney fees incurred by her in dissolving the temporary restraining order and dismissing the petition for preliminary injunction.

On December 8, 1984, the trial court entered an order finding that respondent's petition for attorney fees for services rendered to oppose petitioner's section 72 petition, the prosecution of respondent's appeal, and in the proceedings on her petition for removal was untimely and dismissed it. However, on October 4, 1985, the trial court expressly found that respondent had been harmed by the entry of the injunctive orders and awarded her $14,913 in attorney fees to compensate her for damages suffered.

At the onset of the evidentiary hearing on respondent's petition

for attorney fees incurred to dissolve the temporary restraining order and to dismiss petitioner's motion for preliminary injunction, stipulations were entered that Howard London would testify that respondent's petition for attorney fees reflected the number of hours expended to render the stated services, that London was paid $100 an hour, that Alvin Becker and Miles Beermann were paid $150 an hour, and that those rates were reasonable within the legal community; it was further stipulated that Jerome Torshen qualified as an expert witness. ·

Jerome Torshen testified that he had examined the pleadings, memoranda, and briefs prepared on the action for injunctive relief and believed that the 149 hours expended on the work and the fee of $16,912 were reasonable. He added that proceedings for injunctive relief were "very difficult and unusual" and that the interlocutory appeal generated additional "lawyer time" in order to satisfy time constraints.

Others testifying included Miles N. Beermann and Howard London. Beermann stated that he had been an attorney for 27 years and that he had entered an oral agreement with respondent that he and another senior partner at his law firm would be paid $150 an hour and that London would be paid $100 an hour.

Howard London testified that he was a junior partner at the firm and that the balance due was $11,025 for the work he had performed and $5,887 for the work performed by the senior partner.

We shall now consider the contentions presented by petitioner and respondent on review, whether the trial court lacked jurisdiction to grant respondent attorney fees for costs incurred to oppose the petition to vacate the dissolution judgment and whether it was erroneous for the trial court to award respondent attorney fees for services rendered to dissolve the temporary restraining order and to dismiss the petition for preliminary injunction.

■■ Although attorney fees are primarily the responsibility of the party for whom the services are rendered, if one spouse demonstrates a financial inability to pay attorney fees and the ability of the other spouse to do so, an award for that purpose may be justified in order to prevent an advantage due to a financial disparity between the parties. (*In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 40, 429 N.E.2d 594.) The court may order the other spouse to pay a reasonable amount for attorney fees for services rendered in a proceeding under the Illinois Marriage and Dissolution of Marriage Act, including the defense of appeals from post-judgment orders or petitions seeking relief from final judgments under the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 508(a).) In determining whether the amount of fees awarded is reason-

able, the factors to be considered are: (1) the skill and standing of the attorneys employed; (2) the nature of the controversy, the novelty and difficulty of the questions at issue; (3) the degree of responsibility involved in the management of the case; (4) the time and labor required; (5) the usual and customary charge in the community; and (6) the benefits resulting to the client. (*In re Marriage of Ligas* (1982), 110 Ill. App. 3d 1, 7, 441 N.E.2d 1277.) The attorney must itemize both the time expended and the work performed. (*In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 623, 435 N.E.2d 1361.) The case law is well settled that a prevailing party may petition the trial court for a retroactive award of fees regardless of whether the party prosecuted or defended the appeal. *Sidwell v. Sidwell* (1981), 102 Ill. App. 3d 56, 61, 429 N.E.2d 539.

■ As we previously indicated, when the court reversed the trial court's order vacating certain portions of the judgment for dissolution of the marriage, respondent petitioned the trial court for attorney fees. Subsequently, the trial court dismissed respondent's petition on the basis that it was untimely and that the court no longer had jurisdiction of the case. Nevertheless, our review of the record established that other matters related to the case remained pending before the trial court, including petitions for a rule to show cause against respondent, possession of the marital residence, custody, removal of the children from this jurisdiction, and petitions for injunctive relief. Although respondent could have sought prospective fees for her appeal from the trial court's order before she prosecuted the appeal, it was not improper for her to await a decision on the appeal at which time she would know the precise amount of fees requested. This permitted the parties to avoid piecemeal litigation. (See *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120, 449 N.E.2d 137.) Under the circumstances, we believe that the trial court had jurisdiction of the case and that it was improper to dismiss respondent's petition for attorney fees. Thus, the case must be remanded for an evidentiary hearing on that petition.

■■ In his appeal from the trial court's award of attorney fees to the respondent for costs incurred by her in opposing his petitions for injunctive relief, petitioner argued that it was unreasonable for respondent to have incurred the costs because she had not planned to remove the children from Illinois to Washington, D.C., and that section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—110) prohibits a party from receiving attorney fees for services rendered to dissolve a temporary restraining order or to dismiss a motion for preliminary injunction and only permits an award for

damages suffered as a result of a temporary restraining order or preliminary injunction. Upon entering its award of $14,913, the trial court expressly found that the costs incurred by respondent in opposing petitioner's action for injunctive relief established that amount as the damages she suffered. A litigant who is successful in obtaining a dissolution of a preliminary injunction is entitled to damages suffered from the time she was improperly enjoined. According to the petition, fees were requested for the attorney's services rendered respondent in the preliminary injunction proceedings. The judgment was to compensate respondent for the damages she suffered as a result of the entry of the injunctive orders. Thus, the judgment in the amount of $14,913 was not improper.

For the reasons stated, we affirm the trial court's judgment of $14,913 on behalf of respondent entered in case number 85—3054. We reverse the judgment of dismissal entered in case number 85—0401 and remand that case for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.

LORENZ and MURRAY, JJ., concur.