## Isaac W. Reed
### *v.*
## Cyrus M. Hawley.

1. FORCIBLE DETAINER — *lies against a sub-lessee holding over after termination of original lease.* Under our statute, the action of forcible detainer lies against a sub-lessee holding over after the determination of the original lease.

2. SAME — *of the notice to quit.* A notice to quit, signed, "For Cyrus M. Hawley, by William C. Prouty, *an* authorized agent," is substantially good. It would have been more proper, however, to have said, *his* authorized agent.

APPEAL from the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion states the case.

Messrs. LELAND & BLANCHARD, for the appellant.

Mr. C. W. HAWLEY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of forcible detainer brought by Cyrus M. Hawley against Isaac W. Reed before a justice of the peace in Winnebago county, and judgment for costs against the plaintiff. On appeal by Hawley to the Circuit Court, a verdict was found

in his favor, on which the court rendered judgment, to reverse which Reed has appealed to this court.

The points made by appellant are, that the justice of the peace had no jurisdiction; that the relation of landlord and tenant did not exist; and that the deed read in evidence by appellee was incompetent for the purpose for which it was offered; and that the demand for possession was insufficient.

On the first point, it appears from the record that appellee, being the owner of the premises, in 1866, through his agent, William C. Prouty, leased them to one James Brown for one year from the first day of April, 1866. When the lease expired he found the appellant in possession, and thereupon Prouty, as agent of appellee, served a notice on him on the 26th of April, in a store at Pecatonica, in which town the premises are situate, to deliver up the possession to him, "your tenancy having expired on the first day of April, 1867." This notice was signed for appellee, by Prouty, " authorized agent." Reed refused to give up the possession, saying he had a good backer in James Brown. It appears that Brown had let one Smith have the use of part of the premises, in whose employment was appellant, and who, by the directions of Brown and Smith, kept the keys of the building, which was a warehouse.

Under our statute, if a sub-lessee holds over after the termition of the original lease, he is liable to this summary proceeding. Appellant was in under this lease to Brown, that is certain; and holding over after the term had expired made him liable to eviction by this action.

As to the deed being offered in evidence, it was not offered for the purpose of proving title in appellee, as that was not in question, but to rebut the presumption appellant sought to establish, that Brown was his landlord.

Upon the point that the notice was not sufficient, not being signed with the name of appellee, it appears to be signed " For Cyrus M. Hawley, by William C. Prouty, an authorized agent." It would be more proper to have said, " his authorized agent," but it was substantially good.

*Judgment affirmed.*