Blanche R. Marx, Appellee, v. Ralph Marco, Defendant. Appeal of C. H. Keller, Appellant.
Blanche R. Marx, Appellee, v. C. H. Keller, Appellant.

Gen. Nos. 43,959, 43,992.

† See Callaghan's Illinois Digest, same topic and section number

Opinion filed May 7, 1947. Released for publication May 22, 1947.

WILLIAM VIHON, of Chicago, for appellant.

COHON & GOLDSTEIN, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

A statement of claim filed by Blanche R. Marx on May 2, 1946, in the municipal court of Chicago against

Ralph Marco alleged that she was entitled to the possession of the premises at 426 South State street, Chicago, which he unlawfully withheld from her. He was served with summons and appeared by his attorney. On May 17, 1946, the case was tried before the court without a jury. The court found the defendant, Ralph Marco, guilty of withholding from the plaintiff the possession of the described premises and entered judgment that she recover of and from the defendant the possession of the premises. The court further directed that the writ of restitution be stayed for 90 days. On August 19, 1946, a writ of restitution was issued by the clerk, commanding the bailiff to dispossess the defendant Ralph Marco and restore plaintiff to the possession of the premises.

On September 4, 1946, plaintiff filed a notice of motion to C. H. Keller, Irwin S. Marks and the bailiff, stating that she would move for an order directing the bailiff to enforce the writ in his possession and to "remove all persons actually in possession of the premises" in accordance with the writ. The motion was supported by a verified petition by plaintiff. Therein she represented that the premises were held by the defendant pursuant to a lease dated December 4, 1940, which expired on April 30, 1946; that she, as lessor, never consented to any assignment of the lease by the lessee; that defendant always paid the rent; that she at no time had knowledge that anyone other than defendant was in actual possession; that pursuant to the writ of restitution, when the bailiff attempted to evict the defendant, the bailiff was advised by the defendant that he, defendant, had "previously sold the said store to one C. H. Keller and that the said Ralph Marco was only acting as general manager for the said C. H. Keller in the operation of the tavern"; that the writ required the bailiff to place her in possession of the premises; that the bailiff wrongfully refused to execute the writ; that the lease, which in the trial had been

received in evidence as plaintiff's exhibit No. 1, provides in paragraph 8 that "lessee shall not allow or permit any transfer of this lease, or any interest under or any lien upon lessee's interest by operation of law, or assign or convey this lease or any interest under it, or sublet the premises or any part thereof, or permit the use or occupancy of the premises or any part thereof by anyone other than lessee"; that section 15 (c) of the lease provides that upon termination thereof the lessee shall surrender possession and vacate the premises immediately; to deliver to the lessor and grant to the lessor full and free license to enter into the premises with or without process of law and to repossess the premises and expel or remove lessee or any others who may be occupying or within the premises. She prayed that the bailiff be directed to execute the writ of restitution by removing all persons who may be in possession and by placing plaintiff in possession. On the same day, September 4, 1946, the court entered an order reciting that on the petition of plaintiff, and due notice having been given to C. H. Keller and the bailiff, and Keller being represented in court by his attorney Irwin Marks, and the court having heard the evidence and being fully advised in the premises, found that the prayer of the petition should be granted, and ordered that the bailiff forthwith execute the writ of restitution and remove from possession all parties named in the writ and C. H. Keller and all other persons holding or claiming to hold under them. On September 5, 1946, C. H. Keller filed his notice of appeal and proof of service from the order of September 4, 1946, directing the bailiff to enforce the writ of restitution against him, and on September 9, 1946, the court approved an appeal bond in the sum of $5,000. There was no appeal from the judgment of May 17, 1946, against Ralph Marco.

The transcript of the testimony as to the hearing on the motion of September 4, 1946, shows that the at-

torney for plaintiff stated that her petition was for an order that the bailiff execute the writ of restitution. She also stated that the amount of money requested by the bailiff as costs in the execution of the writ was given to him, and that the bailiff stated that "there was someone in possession other than the lessee." The attorney for the bailiff stated that the deputy bailiff went to the premises, found a party other than the defendant at the premises, and also found the defendant there; that defendant stated that he was no longer a tenant; that he was managing the place; that he had sold the place to C. H. Keller, who was in possession; and that there was a liquor license on the wall in the name of C. H. Keller. At this juncture the court inquired as to whether "they" were in possession prior to the day of filing the suit. The attorney for the bailiff replied: "It was a different fellow. The bailiff's office has requested the attorney for the plaintiff to give us some notice as to the party in possession to move them, and we have to have the court direct us to affect this other party. Now here is our writ stating that we shall put out Marco and place the plaintiff in possession of the premises."

The court inquired of plaintiff's attorney as to why she did not give notice. The latter replied that she did give notice and that they are "all before the court." The attorney for Keller then stated: "It has been filed against the wrong party." He also exhibited a copy of Keller's dram shop insurance policy, adding: "they have knowledge of the party in possession, this suit was not brought against the proper person. They have no right to dispossess Mr. Keller." The attorney for plaintiff stated that there had been no assignment of the lease. The court, addressing the attorney for Mr. Keller, inquired: "Did you represent him at the time?" Keller's attorney answered that he did not. The court then stated: "You can see under the circumstances here he has no standing in court."

Mr. Marks stated: "The owners of the property knew he was in possession." The attorney for plaintiff stated that they did not know; that Marco came in and contested the case; and that plaintiff received her rent from Marco. Mr. Marks stated: "He is actually in possession, your honor, they have been accepting the rent from him." Mr. Marks stated further that he would like five days in which to file an answer; that he wished to make a motion to strike; that he wanted five days to answer the petition; and that he believed he could furnish sufficient evidence to prove that his client was rightfully in possession. The court said: "No, not under the circumstances, Keller being in possession, the landlord doesn't want to do business with him." The attorney for the bailiff then stated: "In a lot of these cases on liquor licenses, they can't get a new license so he puts it in somebody's name and it is merely a name." The court said: "He is probably operating under somebody's name." The attorney for the bailiff then stated: "He is there, he runs the place, but he is not holding the license in his name." The hearing on the motion was concluded by the court announcing that he would sign the written order prepared by the attorney for plaintiff, from which Keller has appealed.

The record was filed in this court on October 25, 1946. On September 10, 1946, Blanche R. Marx filed a statement of claim in the municipal court of Chicago against C. H. Keller for possession of the premises litigated in the action theretofore filed against Ralph Marco. She alleged that the defendant Keller unlawfully withheld possession from her. Keller, by his attorney, filed what he called a "limited and special appearance" for the sole purpose of contesting the jurisdiction of the court. At the same time he filed a motion to dismiss on the ground that there was a prior suit pending and undisposed of involving the same subject matter and between the same parties, and he

set up the facts as to the previous case, the judgments and orders therein, the filing of an appeal, the approval of the appeal bond, and the pendency of the appealed case, and prayed that the instant action be dismissed, or, in the alternative, that the proceedings be stayed until the disposal of the appeal in the previous case. On the day the special appearance and motion were filed, October 1, 1946, the court entered an order reciting that the case came on for trial; that the court heard the evidence and the arguments of counsel; that he was fully advised in the premises; and that he found the defendant, C. H. Keller, guilty of unlawfully withholding from the plaintiff possession of the described premises. Judgment was entered for plaintiff in accordance with the findings and it was ordered that a writ of restitution issue. The parties stipulated that the order of October 1, 1946, be corrected to read: "Motion to strike special and limited appearance sustained. Motion to dismiss overruled. Defendant elects to stand on special and limited appearance. Trial by court. Finding C. H. Keller guilty withholding premises described in complaint. Judgment on finding against defendant for possession of premises described. Writ of Restitution stayed 5 days." Defendant appealed.

The transcript in the last case shows that on October 1, 1946, the attorney for the defendant Keller stated that he had filed a motion to dismiss. The attorney for plaintiff moved to strike the motion on the ground that it was not supported by an affidavit. The attorney for defendant called the court's attention to the order in the previous case, directing the bailiff to execute the writ of restitution against Keller. The attorney for plaintiff stated that the order "requires the bailiff to restore possession of the premises to the plaintiff." The attorney for defendant said: "Read the order. There is a draft order on file. That order made Keller a party." The court inquired as to why

plaintiff did not make Keller a party defendant, and the attorney for plaintiff replied, ''We did not choose to make him a party defendant.'' The court asked the attorney for the defendant whether he filed his appearance, and the attorney answered: ''Not in the other case. Your honor assumed jurisdiction over Keller in that case. This is still a binding order. This is a valid and existing order until it is reversed.'' The attorney for defendant then read the order and stated that until reversed, plaintiff cannot file any other suit ''bringing in the same parties.'' The attorney for plaintiff stated that Keller was not a party to that suit and that Keller was appealing on the ground that he was not a party to that suit. The attorney for defendant asserted that the court did not have jurisdiction because there was an appeal pending. Plaintiff announced that she wished to proceed with the case against Keller. The attorney for the defendant then stated that he ''was standing on this special and limited appearance.'' The court then entered judgment against the defendant Keller.

It is the law of this State that a landlord who has recovered a judgment in an action of unlawful detainer against a tenant may, under the writ of restitution, dispossess a subtenant, not a party to the suit, if such subtenant has entered pending the suit, but not so if he was previously in possession. Our Supreme Court held in *Brush v. Fowler*, 36 Ill. 53, ''as a principle of universal law, that a person can never be turned out of his possession by virtue of a judgment and execution in a proceeding to which he was not a party, unless he entered *pendente lite*.'' See *Leindecker v. Waldron*, 52 Ill. 283; *Mills v. Reiger*, 328 Ill. App. 230. Section 15 of the Forcible Entry and Detainer Act (par. 15, ch. 57, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 109.276]) reads:

''Whenever there shall have been one lease for the whole of certain premises, and the actual possession

thereof, at the commencement of the suit, shall be divided in severalty among persons with, or other than the lessee, in one or more portions or parcels, separately or severally held or occupied, all or so many of such persons, with the lessee, as the plaintiff may elect, may be joined as defendants in one suit, and the recovery against them, with costs shall be several, according as their actual holdings shall respectively be found to be.''

This section, in terms, contemplated an action against the subtenant. *Clark v. Barker,* 44 Ill. 349; *Reed v. Hawley,* 45 Ill. 40. Our Supreme Court, in construing this section in the case of *Espen v. Hinchliffe,* 131 Ill. 468, held that the legislature intended to give the landlord a joint action against his lessee and those holding under him whenever the under-tenant or tenants should hold possession without right and that judgment may be had against the lessee when sued with his subtenant, though he is out of the actual possession.

The first action was against Ralph Marco and judgment was entered against him. More than 90 days thereafter a writ of restitution issued. Under the law, it was the duty of the bailiff to execute the writ against Marco and against any person in possession under Marco as a subtenant or otherwise, who entered pending the suit. The petition filed by plaintiff stated that the deputy bailiff was advised that the defendant ''had previously sold said store to one C. H. Keller and that the said Ralph Marco was only acting as a general manager for the said C. H. Keller.'' The petition then set up the provisions of the lease against transfer, assignment, subletting, use or occupancy and for surrendering the premises upon termination thereof. Keller was given notice of her motion and he, by his attorney, appeared. The court granted the prayer of the petition and ordered the bailiff to execute the writ of restitution by removing all parties named

therein and Keller. In the hearing of the motion the attorney for Keller explained to the court that Marco was no longer a tenant; that Keller was in possession; and that the liquor license was in the name of the latter. An inquiry by the court as to whether "they" were in possession prior to the day of filing the suit, was answered by a statement by the attorney for the bailiff that "it was a different fellow." The attorney for Keller exhibited a dram shop insurance policy made out in the name of Keller. He contended that since the suit was not brought "against the proper person they" had no right to dispossess Keller, and he also stated: "He is actually in possession, your honor, they have been accepting the rent from him." He requested five days to answer, stating that he could furnish sufficient evidence to prove that "we are rightfully in possession." The court did not directly rule on the request of the attorney for Keller for permission to answer within five days. Although the order directing the bailiff to dispossess Keller recites that the court heard evidence and was fully advised in the premises, the transcript does not show that any testimony was presented. While the court did not make Keller a party defendant, it is clear that plaintiff, by serving notice on him and procuring an order against him, in effect, did make him a party defendant. By submitting to the jurisdiction of the court, he is estopped to deny that the court had jurisdiction of his person.

In the second forcible detainer suit brought by plaintiff against Keller, she maintained that Keller was not a party to the first suit. Having brought Keller into the first case, she was in no position to say in the second case that she did not make Keller a party defendant in the first case. By their conduct plaintiff and Keller are estopped to contest the jurisdiction of the court over their persons in the first case. No evidence was heard in the first case and the record shows

that Keller was contending that he had a right to remain in possession. There was no showing that Keller came into possession *pendente lite* and he had a right to be heard. There was an abuse of discretion in not according him this right. In view of the fact that the order procured by plaintiff against Keller in the first case determined the right of possession as between plaintiff and Keller, and the latter had perfected his appeal to this court, we are of the opinion that the subsequent action against him was not only *res judicata,* but also an attempt to evade the writ of supersedeas. In the second case defendant stood on his motion to dismiss. By filing the second case it would appear that plaintiff recognized that the writ of restitution against Marco would not warrant the bailiff in executing it against Keller. This would indicate that plaintiff feels that Keller went into possession of the premises prior to the filing of the suit, and that under the authorities we have cited, he should be made a party and served. We are of the opinion that Keller did not have his day in court. We are not indicating how the case should be decided. The order of September 4, 1946, entered in the municipal court of Chicago, case No. 46–M–54200, and the judgment entered on October 1, 1946, in the municipal court of Chicago, case No. 46–M–58923, are reversed and the causes are remanded to the municipal court of Chicago with directions to consolidate them and for further proceedings not inconsistent with these views.

*Order and judgment reversed and causes remanded with directions.*

LEWE, P. J., and KILEY, J., concur.