CHEF'S NO. 4, INC., d/b/a Beef N' Burger, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 82—2339

Opinion filed August 26, 1983.

Terrence P. Le Fevour, of Chicago, for appellant.

James D. Montgomery, Acting Corporation Counsel, of Chicago (Jerome A. Siegan and Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Chef's No. 4, Inc., an Illinois corporation doing business as Beef N' Burger, filed a complaint in inverse condemnation seeking

a declaratory judgment, and an injunction against defendants, the City of Chicago (the City), and Chicago Title & Trust Company (CT&T), as trustee. Plaintiff sought, *inter alia*, just compensation for the taking of its trade fixtures located on property formerly owned by CT&T as trustee and acquired by the City by eminent domain. The trial court granted defendants' motions to dismiss the complaint and plaintiff appealed.

The sole issue presented for review is whether the trial court erred in granting defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action.

The following facts are pertinent to our decision.

CT&T, as trustee, owned property located at the southwest corner of State and Van Buren Streets in Chicago, Illinois, which consisted of a parking garage and four street-level stores. In 1966, the subject property was leased to Erwin Horwitz, who in turn assigned his leasehold interest to State-Van Buren Garage Corporation (State-Van Buren) in 1968.

Article XII of the original lease between CT&T and Erwin Horwitz provided that the lessee could sell, convey, or assign its interest in the lease upon satisfaction of five preconditions: (1) the assignee would pay all real estate taxes; (2) the assignment would be delivered to CT&T; (3) the assignment would be recorded with the recorder of deeds of Cook County, Illinois; (4) the assignee would expressly agree to assume and be bound by the original lease, and (5) the assignment required prior written approval from CT&T. Article XII further provided that: "nothing herein contained shall be construed to impair the right of Lessee to sublet the leased premises *** provided only that all such sublease agreements shall be made subject to the terms and provisions of this lease. Lessor agrees that should the Lessee default in any of the covenants and agreements herein contained to be kept, observed, and performed by Lessee, Lessor will recognize and honor any and all subleases theretofore made by Lessee with the prior written approval of Lessor."

In October 1972, State-Van Buren, as sublessor, leased one of the four stores to plaintiff, the sublessee, without the prior written consent of CT&T, the lessor.

On December 27, 1977, a rider was attached to the sublease which provided, *inter alia*, for a 10-year extension of the sublease from January 1, 1982, until December 31, 1991. A condemnation clause contained therein further provided that "the lease term shall cease as of the day possession shall be taken by such public authority ***. Lessee shall be entitled and shall have the right to pursue its remedies

against such public authority for loss of revenues and/or its leasehold interest."

Thereafter, plaintiff spent over $50,000 on leasehold improvements including ovens, counters, refrigerators, air conditioning units and duct work, lighting fixtures and signs. On the valuation date of the subsequent condemnation suit these leasehold improvements had a market value of approximately $35,000. Plaintiff continued to pay rent to State-Van Buren until June 1981.

On November 22, 1976, the city of Chicago filed a petition to condemn the subject property, naming CT&T and plaintiff among the party defendants. Plaintiff, however, was not served with summons, did not participate in the ensuing condemnation litigation, and initially learned of the condemnation in June of 1981 when the City demanded possession of the subject property.

Over three years after the institution of this condemnation suit, CT&T, as lessor, filed a forcible entry and detainer action on January 11, 1980, against State-Van Buren, as lessee, for nonpayment of rent. Plaintiff was not served in this action.

By an agreed order entered on December 19, 1980, the trial court held that State-Van Buren was in default and no longer entitled to the possession of the property. The order further recited that, by stipulation of the parties, "State-Van Buren Garage Corp., its successors and assigns, [agree to] completely waive and release any rights or interest it may have, if any, in the condemnation award in the *City of Chicago v. Chicago Title & Trust Co., etc., et al.* \*\*\*."

On May 1, 1981, an order was entered in the condemnation suit setting the sum of $1,050,000 as full compensation to the owner or owners of and party or parties interested in the subject property. This award was deposited with the Treasurer of Cook County on May 17, 1981.

Thereafter, CT&T filed a petition for withdrawal of the entire award. On June 2, 1981, the trial court, finding that CT&T, as trustee, was owner of the subject property, and that no one else had any rights to the award, directed the treasurer to pay the full award to CT&T.

In June 1981, the City demanded possession of the property from plaintiff. Plaintiff subsequently filed a complaint in inverse condemnation for a declaratory judgment and an injunction against CT&T and the City on August 3, 1981.

Various pleadings followed, and both defendants filed motions to dismiss. CT&T's motion to dismiss alleged that plaintiff had no interest in the property or the award because (1) a sublease was not per-

mitted under the top lease between CT&T and State-Van Buren, and (2) the order in the forcible action operated to terminate any interest plaintiff may have had in the property. The City based its motion to dismiss primarily upon its argument that plaintiff was estopped by reason of the finding in the order of withdrawal. Following a hearing, the trial court granted both motions to dismiss, and this appeal follows.

OPINION

The sole issue on review is whether the trial court erred in granting defendants' motions to dismiss plaintiff's complaint for failure to state a cause of action in inverse condemnation.

As a general rule, in determining the legal sufficiency of a complaint on a motion to dismiss, all well-pleaded facts are to be taken as true (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790) and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (*Burks v. Madyun* (1982), 105 Ill. App. 3d 917, 435 N.E.2d 185.) Accordingly, we turn first to the contention of whether the complaint states a cause of action sufficient to withstand the motion.

As a preliminary matter to a consideration of plaintiffs' case on the merits, however, we must necessarily address the issue of the court's jurisdiction where notice and service of process were not effected upon plaintiff as a necessary party to both the forcible action and the condemnation proceeding. With respect to the condemnation suit, section 7—102 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 7—102) provides in pertinent part that "Where the right to take private property for public use, without the owner's consent [is conferred upon a municipal authority] *** the party authorized to take *** the property so required *** may apply to the circuit court *** by filing with the clerk a complaint, setting forth, [*inter alia*] *** the names of all persons interested therein as owners or otherwise as appearing of record, if known, or if not known stating that fact and praying such court to cause the compensation to be paid to the owner to be assessed."

Since we have previously held that tenants under a valid lease are "owners" in the constitutional sense and entitled to compensation in a condemnation proceeding (*Illinois Central R.R. Co. v. Ferrell* (1903), 108 Ill. App. 659), it is clear that a tenant in possession is a necessary party in a condemnation proceeding (4 Nichols, Eminent Domain sec.

12.42 (3d ed. 1980)), and, accordingly, a condemnation suit is void as to any necessary party in the absence of proper service by either service of process or by publication. (See *Trustees of Schools v. Steele* (1964), 54 Ill. App. 2d 337, 203 N.E.2d 605, *rev'd on other grounds* (1965), 33 Ill. 2d 575; *St. Louis & Cairo R.R. Co. v. Postal Telegraph Co.* (1898), 173 Ill. 508, 51 N.E. 382.) We therefore find that the judgment in the condemnation suit is void as to plaintiff in the present case.

We reach a similar result in our review of the judgment in the forcible action. In Illinois, it is clear that a landlord who has recovered a judgment in an action of unlawful detainer against a tenant may not dispossess a subtenant previously in possession who was neither made a party nor entered *pendente lite. Marx v. Marco* (1947), 331 Ill. App. 239, 73 N.E.2d 20.

Since an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections (*Greene v. Lindsey* (1982), 456 U.S. 444, 72 L. Ed. 2d 249, 102 S. Ct. 1874) we find that plaintiff has been deprived of property without the due process of law as required by the fourteenth amendment.

In the absence of such notice, plaintiff was never afforded the opportunity to fully adjudicate its rights in either the forcible action or the condemnation proceeding. Hence, the judgments rendered therein are nugatory with respect to plaintiff.

We therefore hold that the trial court erred in granting defendants' motions to dismiss without a full evidentiary hearing on the validity and the extent of plaintiff's leasehold interest in the subject property. We note here that plaintiff's complaint raises questions of fact concerning the validity of the sublease where the lessor accepted rent and/or had constructive knowledge of its presence on the premises in contravention of the sublease clause of article XII requiring prior written approval by the lessor.

Because of this conclusion, we find it unnecessary to examine the remaining issues raised by plaintiff. Accordingly, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SULLIVAN and MEJDA, JJ., concur.