FAYETTE COUNTY FARMS *et al.*, Plaintiffs-Appellants, v. VANDALIA
FARMS *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0528

Opinion filed March 25, 1988.

Robert H. Brownlee and Francis X. Buckley, Jr., both of Thompson & Mitchell, of Belleville, for appellants.

Howard E. Gilbert and Michael D. Richman, both of Howard E. Gilbert & Associates, Ltd., of Chicago, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Appellants, Fayette County Farms, Theodore A. Ruppert and Lester Matt, appeal from a judgment of the circuit court of Fayette County dismissing with prejudice their amended complaint against appellees, Vandalia Farms, Vandalia Farms, Inc., Holland Farms, Inc., and other defendants not party to this appeal. We affirm.

On May 6, 1982, appellants filed a complaint in the circuit court of Fayette County seeking resolution of a dispute with respect to ownership and possessory rights in certain real estate known as the "Wooter Farm." On the same date, appellees also filed a complaint seeking resolution of the same dispute.

On September 9, 1983, the parties entered into an agreement in settlement of all issues raised in the two lawsuits. The settlement agreement provided that appellees were to transfer, convey and assign to appellants

> "all of their respective rights, title and interests, real and personal, if any, in and to the [Wooter] Farm *** The [appellees] further represent and warrant jointly and severally that (except for participation in the U.S. Government ASCS Grain

> Program of which [appellants] are aware) they have not conveyed or assigned, voluntarily or involuntarily, any rights in and to the Farm ***."

The settlement agreement also contained a mutual release

> "of and from all claims of any kind or character which they or any of them has, ever had, or in the future have against the others or any of them which claims arise in whole or in part prior to the date hereof and which claims relate in any manner either to ownership and/or claims to ownership of the Farm or to the operation and/or management of the Farm (including, without limitation, the disposition of crops, and any and all dealings with any third persons or entities as regards the Farm and/or its prior operation) ***."

All parties agreed to move for dismissal with prejudice of the complaints filed herein. The settlement agreement was signed by all parties hereto except Vandalia Farms, Inc.

On February 26, 1985, appellants filed a motion to amend their original complaint (which had not yet been dismissed pursuant to the settlement agreement) to add an additional count alleging breach of the settlement agreement by appellees. This motion was denied and the original complaint was dismissed with prejudice. However, the trial court granted appellants leave to file "additional pleadings for claimed breach of settlement agreement or to otherwise enforce settlement agreement within ten (10) days."

On May 29, 1985, appellants filed an amended complaint, alleging a breach of the settlement agreement by appellees. The complaint alleged that appellees, or one of them, had improperly retained a portion of the United States government payment-in-kind (PIK) proceeds relating to the Wooter Farm for the crop year 1983, and despite demand by appellants, had refused to deliver said proceeds to appellants.

On September 11, 1985, appellees filed a motion to dismiss the amended complaint for the reason that all claims arising in whole or in part prior to the date of the settlement agreement and relating to the operation of the farm had been released by the terms of the settlement agreement. The motion also sought dismissal as to appellee Vandalia Farms, Inc., for the reason that it was not a party to the settlement agreement and therefore could not be held liable for its breach.

In their response to the motion to dismiss, appellants argued that the PIK proceeds for the year 1983 represented part of the property which was to be transferred by appellees to appellants pursuant to

the settlement agreement. Thus, the complaint sought to enforce the terms of the settlement agreement by compelling delivery of property which was to be transferred pursuant to that agreement. Appellants argued that a release in a settlement agreement does not sensibly include a release of rights to enforce the agreement.

With respect to their claim against Vandalia Farms, Inc., appellants argued that their action sounded in tort (conversion) as well as in contract, and therefore the fact that Vandalia Farms, Inc., was not a party to the contract did not require dismissal of the complaint. Attached to appellants' response to the motion to dismiss was an affidavit of Theodore A. Ruppert setting forth his understanding of the settlement agreement and his intent when entering into it.

Appellees filed a reply to appellants' response to the motion to dismiss asking that the affidavit of Theodore A. Ruppert be stricken as inadmissible parol evidence of the settlement agreement's intent. The reply also asked that, if appellants' complaint sounded in both contract and tort, it be dismissed as alleging multiple causes of action in a single count. Appellees further argued that in any event, the complaint did not state a cause of action for tortious conversion against Vandalia Farms, Inc.

On April 29, 1986, the court entered an order dismissing appellants' complaint with prejudice, finding that the claim to the PIK proceeds had been released by the settlement agreement, and that, as to Vandalia Farms, Inc., the complaint alleged multiple causes of action in a single count in violation of section 2—613(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—613(a)). Appellants filed a motion to reconsider the order of dismissal on May 28, 1986, which was denied after hearing on July 31, 1986.

Appellants argue on appeal that the trial court erred in holding that the claim to the PIK proceeds had been released by the settlement agreement. They argue that the PIK proceeds were an interest in the farm which was to be transferred pursuant to the settlement agreement and that the complaint sought only to enforce the terms of the settlement agreement.

■ We do not agree that the PIK proceeds constituted a right, title or interest in the farm which was to be transferred pursuant to the settlement agreement. Under the United States government payment-in-kind program, a farmer enters into a contract with the government in which he agrees to remove a specified percentage of his farm's acreage base and designated crops from production. He also agrees to follow certain soil conservation procedures. In return, upon full performance by the farmer, the government transfers to him a

commodity equal in quantity to a percentage of what his diverted or nonproducing acreage would normally yield. The contract is entered into at the beginning of the crop year (January to March). The payment of the commodity is to be made upon request of the farmer at any time during the five-month period beginning with the normal harvest date for the commodity in the farmer's area. Commodity Certificates, in kind payments, and other forms of payment 7 C.F.R. §770 *et seq.* (1987).

Appellants argue that PIK proceeds are analogous to crops grown and harvested, or presumably where the PIK commodities have already been sold, to proceeds of crops. However, this repeatedly has been held to be not so. (*In re Schmaling* (7th Cir. 1986), 783 F.2d 680 (and cases cited therein).) In *Schmaling*, the court held that PIK proceeds are not a crop from the farmer's land, proceeds of an existing, failed crop, or proceeds of anything. Instead, entitlement to PIK proceeds is a general intangible. (*Schmaling*, 783 F.2d at 683.) Thus, they were not included in a security agreement which referred to "crops grown or growing."

For similar reasons, we do not agree with appellants that the PIK proceeds were a right title or interest in the Wooter Farm to be transferred pursuant to the settlement agreement. The right to receive PIK proceeds is a general intangible. (*Schmaling*, 783 F.2d at 683.) The right accrues when the farmer performs his part of the contract. In this case, the right to collect PIK proceeds vested in appellees months prior to execution of the settlement agreement by appellee's performance of its part of the contract. We find that this was a personal right held by appellees and not a right, title or interest in the farm.

■ Thus, we find that appellants' complaint was not an attempt to enforce the settlement agreement, but stated a claim which arose at least in part prior to execution of the settlement agreement and which related to operation of the farm. The claim clearly falls within the release provisions of the settlement agreement and the trial court properly dismissed appellants' complaint with prejudice with respect to those appellees who were parties to the settlement agreement.

■ Appellants also argue that the trial court erred in failing to consider the affidavit of Theodore A. Ruppert. This argument is completely without merit. The order of the trial court explicitly states that, in reaching its decision, the court considered all affidavits, memoranda and cases which had been submitted.

The final argument on appeal relates to appellants' claim against Vandalia Farms, Inc. Appellants argue that the trial court erred in

dismissing with prejudice their complaint against this appellee because, although the complaint was admittedly inartfully drafted, appellants could have, and would have, properly pleaded a cause of action for tortious conversion of the PIK proceeds. Thus, they argue, they should have been granted leave to amend their complaint. We disagree.

■ A pleading should be dismissed with prejudice only where it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to recover. (*Johnson v. World Color Press, Inc.* (1986), 147 Ill. App. 3d 746, 748, 498 N.E.2d 575, 576.) In order to sustain a cause of action for tortious conversion, a plaintiff must plead and prove (1) an unauthorized and wrongful assumption of control, dominion or ownership by defendant over the personalty of plaintiff; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate, absolute and unconditional possession of the property; and (4) a demand for possession thereof. *Mid-America Fire & Marine Insurance Co. v. Middleton* (1984), 127 Ill. App. 3d 887, 891, 468 N.E.2d 1335, 1338.

■ Based upon the facts before us, we find that appellants would be unable to plead or prove a cause of action for conversion against appellees. Because the settlement agreement did not convey the PIK proceeds to appellants, they cannot allege or prove unauthorized control over the proceeds by appellees or their own right in and to the proceeds. Appellants concede this in their reply brief.

■ That the trial court did not dismiss the complaint against Vandalia Farms, Inc., for this reason, but rather because appellants had pleaded multiple causes of action in a single count, does not change the result. A reviewing court is not bound by the reasons given by the trial court for its judgment, and the lower court judgment may be affirmed upon any ground warranted in the record, regardless of whether it was relied on by the trial court. (*Alexander v. DePaepe* (1986), 148 Ill. App. 3d 831, 836, 499 N.E.2d 1065, 1068.) We find that the trial court properly dismissed with prejudice appellants' complaint against all appellees.

For the foregoing reasons, the judgment of the circuit court of Fayette County is affirmed.

Affirmed.

HARRISON, P.J., and LEWIS, J., concur.