DARLENE KIGIN, Next Friend of Misty Mitchell, a Minor, Plaintiff-Appellant, v. WOODMEN OF THE WORLD INSURANCE COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0287

Opinion filed June 22, 1989.

G. Patrick Murphy, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellant.

James B. Bleyer, of Bleyer & Bleyer, of Marion, for appellee Woodmen of the World Insurance Company.

JUSTICE HARRISON delivered the opinion of the court:
Plaintiff, Misty Mitchell, by her mother and next friend, Darlene Kigin, filed an action in the circuit court of Williamson County to recover damages for personal injuries she sustained when she was sexually molested while a guest at a youth camp operated by defendant Woodmen of the World Insurance Company (Woodmen). According to plaintiff's second amended complaint, the person who molested her was defendant Vadar Stultz, who was employed at the time as a counselor at the camp. Plaintiff's complaint was in two counts. Count I was directed against defendant Stultz. Count II sought recovery from defendant Woodmen. On Woodmen's motion, the circuit court dismissed count II with prejudice pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) for failure to state a cause of action. In entering that order, the circuit court made an express written finding that there was no just reason for delaying enforcement or appeal. This appeal followed (see 124 Ill. 2d R. 304(a)), and the sole question for our review is whether the circuit court erred in granting Woodmen's motion to dismiss. For the reasons

which follow, we hold that it did. We therefore reverse and remand.

■ The general rule in this State is that in determining the legal sufficiency of a complaint on a motion to dismiss, all well-pleaded facts are to be taken as true, and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (*Chef's No. 4, Inc. v. City of Chicago* (1983), 117 Ill. App. 3d 410, 413, 453 N.E.2d 892, 895.) A pleading should be dismissed with prejudice only where it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to recover. *Fayette County Farms v. Vandalia Farms* (1988), 167 Ill. App. 3d 471, 476, 521 N.E.2d 300, 303.

In this case, plaintiff alleged in her second amended complaint that on July 31, 1983, she was a guest at a youth camp operated by defendant Woodmen. She was 15 years old at the time. Defendant Stultz, who was 41 years old, was a counselor at the camp and was, in fact, the "counselor in charge."

That evening, Stultz became intoxicated after consuming alcohol, and he provided liquor to plaintiff, which she consumed. At about 11:30 p.m., after having become intoxicated and given plaintiff liquor to drink, defendant Stultz allegedly assaulted plaintiff by placing his hands upon her genital area and breasts. This apparently occurred "at a remote location outside the presence of other sober adults." At the same time, he is said to have attempted to persuade plaintiff to engage in sexual intercourse with him. Plaintiff alleged that these actions by defendant Stultz were done intentionally and in an offensive manner and that as a direct and proximate result of the assault, she suffered "a severe nervous shock and has suffered and will suffer great emotional and mental distress."

■ In her complaint, plaintiff sought to impose liability for her injuries not only on Stultz, but also on Woodmen, Stultz's employer. As grounds for its motion to dismiss, Woodmen argued, *inter alia*, that even though it employed Stultz, it could not be held liable under traditional *respondeat superior* analysis because when Stultz molested plaintiff he was not acting within the scope of his employment, but rather was acting solely for his own benefit. Whether an employee has departed from the scope of his employment by acting purely for his own interest, rather than at least in part for the employer, is normally a question for the jury. (*Randi F. v. High Ridge YMCA* (1988), 170 Ill. App. 3d 962, 964-65, 524 N.E.2d 966, 968.) Assuming, however, that this is a case in which we could hold as a matter of law that Stultz was not acting within the scope of his employment when he

molested plaintiff, we nevertheless believe that plaintiff's complaint established a basis for imposing liability on Woodmen.

■■ Even when an employee is acting outside the scope of his employment, his employer may still have a duty to exercise reasonable care to control him in order to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them under certain conditions. According to the Restatement (Second) of Torts section 317 (1965), this duty exists if:

"(a) the servant

(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

(ii) is using a chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control."

Illinois courts have followed this rule. *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 494, 422 N.E.2d 925, 930-31.

■ In our view, the allegations of plaintiff's complaint were sufficient to bring defendant Woodmen within the duty imposed under section 317. The complaint clearly indicated that Stultz was on Woodmen's premises, namely, the camp grounds, when he molested plaintiff. Plaintiff alleged that at the time of the events giving rise to her claim an individual named Jack Overstreet was acting on behalf of defendant Woodmen in a supervisory capacity and "did, in fact, have overall supervisory and managerial authority as to the Camp." The complaint further alleged that Overstreet had actual knowledge prior to Stultz's molestation of plaintiff that Stultz was the "counselor in charge" at the camp. From this, we believe that one could reasonably infer that Woodmen, through Overstreet, knew or should have known that it had the ability to control Stultz at the time.

We likewise believe that the complaint sufficiently alleged that Woodmen, through Overstreet, knew or should have known of the need to exercise its control over Stultz. According to the complaint, Overstreet knew before the sexual molestation took place that Stultz had become intoxicated and that he had provided plaintiff with alcohol which she consumed. Yet Stultz, a 41-year-old male, was allowed "to be isolated with a 15-year-old girl at a remote location outside the presence of other sober adults." In our view, this was a formula for disaster. Intoxicated 41-year-old men do not normally go off into the woods at 11:30 at night alone with 15-year-old girls after plying them

with alcohol except for illicit purposes. When Woodmen, through Overstreet, learned of these circumstances, as it is alleged to have done, we therefore believe that it had a duty under section 317 to take steps to protect plaintiff. According to the complaint, it failed to do so, as a result of which plaintiff was injured. Hence, we believe that plaintiff's complaint was sufficient to state a cause of action against Woodmen. Count II should not have been dismissed.

Plaintiff suggests other grounds upon which its complaint against Woodmen could be sustained, but in light of our conclusion that count II of the complaint stated a cause of action against Woodmen under section 317 of the Restatement (Second) of Torts (1965), these need not be addressed.

For the foregoing reasons, the judgment of the circuit court of Williamson County dismissing count II of plaintiff's complaint is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH, P.J., and CHAPMAN, J., concur.